**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. 08-129 (PLF)** |
| : | |
| **ALISHA WILLIAMS** : | Next Date: August 25, 2008 |
| : | |
| **Defendant.** : | |
| _____ : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing. In support thereof, the United States respectfully states the following:

**Background**

1. The facts of this case pertaining to this plea agreement are set forth in the proffer of evidence signed by defendant Williams on May 16, 2008, and filed with the Court.

2. In summary, the defendant Williams was employed by Monitoring Force USA, Inc. (Monitoring Force) as an accountant from July 2006 to July 2007. Monitoring Force had a commercial credit card account with Bank of America to be used for the purchase of goods and services for Monitoring Force. In September 2006, defendant Williams began using the commercial credit card for non-commercial purposes. Defendant Williams charged items such as gas, auto repairs, food, clothing, utilities and other consumer goods. Defendant Willimas charged at least $25,000 in unauthorized expenses. She was subsequently charged with Wire Fraud, in violation of

18 U.S.C. §1343.

### Statutory Penalties

4.    Pursuant to 18 U.S.C. § 3571(d) (g)(1), defendant Williams faces a maximum sentence of 20 years of imprisonment, a term of supervised release of not more than 3 years, a fine of not more than $250,000, and a special assessment of $100. Pursuant to 18 U.S.C. § 3583, an order of restitution and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. See PSR ¶ 3.

### Sentencing Guidelines

5.    The Federal Sentencing Guidelines calculation embodied in the Presentence Report (PSR) places the defendant's base offense level at 7. See PSR ¶ 15. The PSR accounts for a four-point increase as a specific offense characteristic for the loss exceeding $10,000 but being less than $30,000. See PSR ¶ 16. The PSR also correctly affords the defendant a two-point reduction in her guidelines calculation for acceptance of responsibility, which reduces her total offense level to 9. See PSR ¶ 23. The PSR calculates the defendant's criminal history score as 0, and the criminal history category as I. See PSR ¶ 26. The total offense level therefore is 9, and the Guidelines range for the defendant is 4 to 10 months of imprisonment. See PSR ¶ 71.

### Sentencing Recommendation

6.    The government recommends to the Court that defendant Williams be sentenced to 4 months which is at the low-end of the Guideline range in this case. The government also requests that defendant be ordered to pay restitution in the amount of $25,000 in accordance with 18 U.S.C. § 3663A(a)(1) and (3). The government also recommends a $ 2,500.00 fine, and a special assessment of $100.

7.     When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).  See Gall v. United States, 128 S. Ct. 586 (2007).  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

8.     In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004).  As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1).  Booker, 125 S. Ct. at 756.  Nonetheless, the Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  See Gall, at 590 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.").  The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions.  See Rita v. United States, 127 S. Ct.2456 (2007); see also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at

168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases").  In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

9. The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in § 3553(a).  Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by § 3553(a)(1).  The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall.  See Gall, at 590.

10. The government submits that the advisory Guideline calculations set forth in the PSR are accurate.  Sentencing defendant Williams to 4 months would serve the interests of the community, and be consistent with the goals set forth in 18 U.S.C. § 3553.

## CONCLUSION

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States respectfully recommends a sentence of 4 months.

                          Respectfully,

                          JEFFREY A. TAYLOR
                          UNITED STATES ATTORNEY
                          D.C. Bar No. 498610


By: _____/s/_____
BRIDGETTE CRAFTON
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
Phone: (202) 353-2385
Bridgette.Crafton@usdoj.gov