UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL No. 08-129-01 (PLF) |
| v. | : | |
| ALISHA WILLIAMS | : | SENTENCING DATE: 8/25/08 |

### MEMORANDUM IN AID OF SENTENCING

Defendant Alisha Williams, through counsel, submits the following for consideration by the Court in aid of sentencing.

1. On May 16, 2008, Ms. Williams pleaded guilty to one count of Wire Fraud pursuant to a written pre-indictment plea agreement.

2. Prior to the plea agreement, during her first interview with Detective Espinoza on September 6, 2007, Ms. Williams admitted to her involvement and expressed remorse for the numerous unauthorized credit card charges she had made using her employer's company credit card. Although Ms. Williams was authorized to use the company credit card for business purposes, she began using the card for personal expenses such as gasoline, parking at work, and lunches. As the monthly credit card charges were paid by the company without objection, Ms. Williams continued using the card for more and more personal expenses, including car repairs, utilities, groceries, and clothing.

3. In February and March, 2008, Ms. Williams and undersigned counsel met with Assistant United States Attorney Jeffrey Pearlman to review all of the employer's credit card

statements from July, 2006, through July, 2007, so that Ms. Williams could take responsibility for the unauthorized charges she made.

4.  Ms. Williams is a 36 years old single mother who resides with her two teenage children.  Ms. Williams is employed as a financial management specialist with the National Science Foundation in Arlington, Virginia.  Her employment duties include analyzing agreements between Government agencies pertaining to scientific research and projects.  She has no access to funding, payrolls, checking accounts, or credit cards in her employment.

5.  Ms. Williams has no prior convictions, resulting in a criminal history category of I.  Ms. Williams agrees that the Guideline computation as stated in the Presentence Report for Wire Fraud is correct.  This computation begins with a base level of 7, a four level increase for the $26,000 loss, and a two level reduction for acceptance of responsibility, resulting in a total offense level of 9.  The resulting Guideline range is 4-10 months, with the Court having the discretion to substitute community or home detention for imprisonment.

6.  This Guideline calculation is premised on the Wire Fraud Statute (18 U.S.C. 1343) to which Ms. Williams pleaded guilty.  Ms. Williams notes that her conduct could have been prosecuted under the statute for Fraud and Related Activity in Connection With Access Devices at 18 U.S.C. 1029 (2) with a ten year maximum sentence.  If her conduct is viewed through this statute, her base offense level under U.S.S.G. 2B1.1(a)(2) would be 6 instead of 7, and her total offense level would be 8 instead of 9.  Her Sentencing Guideline range would be 0-6 months and she would be probation eligible.   Ms. Williams submits this Guideline range also is a reasonable sentencing option.

7.  With regard to the factors to be considered in imposing a sentence pursuant to 18 U.S.C. 3553 (2), Ms. Williams acknowledges she stole a large sum of money, a little bit at a time

over the course of one year, and she is willing and able to pay it back. To make restitution, she must be able to keep her present employment. Although community detention would allow her to maintain employment, this would create a hardship for her children. Similarly, home detention would result in her children discovering their mother's criminal conduct, and would likely result in adverse repercussions. It is submitted that requiring Ms. Williams to perform a substantial amount of community service would be a just punishment under the circumstance of this case, and also serve as a deterrent to others. Ms. Williams has learned her lesson and is extremely embarrassed as a result of her conduct. It is unlikely that Ms. Williams will repeat this mistake, or that she presents a danger to the community. Moreover, Ms. Williams is prepared to make full restitution in an expeditious manner by borrowing money through a home equity loan and family resources that she will pay back. Although Ms. Williams has resources to pay a fine, she has two teenage children who will require funds to go to college. Finally, in considering the appropriate sentence for Ms. Williams, and whether to impose a sentence of imprisonment, it is submitted that the Court should consider that "… imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. 3582 (a).

As a result of the foregoing, it is respectfully requested that the Court place Ms. Williams on probation, requiring her to make full restitution, perform a substantial amount of community service, and comply with any other appropriate conditions.

Respectfully submitted,

_____/s/_____
Mitchell S. Baer
717 D Street, N.W., Suite 210
Washington, D.C. 20004
(202) 347-1250
Bar No. 288324